**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 2:19-cr-51-KS-MTP

WADE ASHLEY WALTERS

## ORDER

THIS MATTER is before the Court on the Motion to Quash and/or for a Protective Order [80] filed by Jonell Beeler. On February 13, 2020, Defendant served a subpoena *duces tecum* upon Jonell Beeler, an attorney with the law firm of Baker Donelson. The subpoena directs Beeler to produce to Defendant the following:

> Any and all records, files, memos, notes, emails, subscription agreements, operating agreements, to include drafts, whether in printed or digital format, related to legal work for Hope Thomley and/or Wade Walters; Prime Care Marketing, LLC and/or Total Care Marketing.

*See* [54-1].

On March 5, 2020, Beeler filed the instant Motion requesting that the Court quash or significantly limit the scope of the subpoena. Beeler asserts that neither she nor any member of her firm represented Defendant or Hope Thomley and that the requested information concerning Prime Care Marketing, LLC ("Prime Care") and Total Care Marketing, LLC ("Total Care") is protected by the attorney-client privilege. According to Beeler, Prime Care and Total Care retained her firm to perform legal work from November of 2012 to October of 2013.

"On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). In federal criminal cases, the federal law of privileges applies. *See* Fed. R. Evid. 501. The attorney-client privilege is

1

recognized as "the oldest of the privileges . . . known to the common law." *United States v. Zolin*, 491 U.S. 554, 562 (1989). Its purpose is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id*.

In his Response [81], Defendant does not contradict Beeler's assertion that she did not represent him or Hope Thomley. Instead, Defendant argues that (1) he has the authority to waive the attorney-client privilege for the companies; (2) Beeler has no standing to assert the privilege because it belongs to the client; and (3) both he and Hope Thomley have expressly waived the privilege. Concerning Beeler's standing, Defendant may be correct that the privilege belongs to Prime Care and Total Care, but that does not preclude Beeler, as their counsel, from raising the privilege. "[I]t is universally accepted that the attorney-client privilege may be raised by the attorney." *Fisher v. United States*, 425 U.S. 391, 402 (1976). Indeed, an attorney is obligated to raise the privilege on his client's behalf, unless the client directs otherwise. *See In re Hunt*, 153 B.R. 445, 450 (Bank. N.D. Tex. 1992).[1] Thus, Beeler has standing to assert the privilege.

Defendant also argues that he has the authority to waive the privilege and that he and Hope Thomley have expressly done so.[2] According to Defendant, he was a member of Prime Care and was serving as the president of Prime Care when the company hired Beeler. Defendant also asserts that he and Hope Thomley were members of Total Care. Defendant points out that,

---

[1] Under Mississippi law, an attorney has a duty "to maintain inviolate the confidence and, at every peril to themselves, to preserve the secrets of their clients . . . ." Miss. Code. Ann. § 73-3-37.

[2] In his Response, Defendant states that he will submit Hope Thomley's waiver of the privilege, but to date, he has not submitted this waiver. Even if he had, it would likely be insufficient to establish his authority to waive the privilege without additional information concerning the present status of Prime Care and Total Care and their members, managers, and/or officers and any operating agreements, etc. as discussed below. *See supra* p. 4.

2

pursuant to Miss. Code Ann. § 79-29-307, every member is an agent of a limited liability company for purposes of conducting its business and affairs. Defendant argues that as a member and officer of Prime Care and as a member of Total Care, he retains the authority to request that Beeler release the requested information.

Miss. Code Ann. § 79-29-307, however, does not simply state that every member is an agent of a limited liability company for purposes of conducting its business and affairs. The statute provides as follows:

> (1) Except as provided in subsection (2) of this section, every member is an agent of the limited liability company for the purpose of conducting its business and affairs, and the act of any member, including, but not limited to, the execution in the name of the limited liability company of any instrument for apparently carrying on in the ordinary course the business or affairs of the limited liability company of which the person is a member, binds the limited liability company, unless the member so acting has, in fact, no authority to act for the limited liability company in the particular matter and the person with whom the member is dealing has knowledge of the fact that the member has no such authority.
>
> (2) If the certificate of formation or operating agreement provides that management of the limited liability company is vested in a manager or managers then except as otherwise provided in the certificate of formation or the operating agreement:
>
>> (a) No member, acting solely in the capacity as a member, is an agent of the limited liability company; and
>>
>> (b) Every manager is an agent of the limited liability company for the purpose of its business and affairs, and the act of any manager, including, but not limited to, the execution in the name of the limited liability company of any instrument for apparently carrying on in the ordinary course the business or affairs of the limited liability company of which the person is the manager, binds the limited liability company, unless the manager so acting has, in fact, no authority to act for the limited liability company in the particular matter and the person with whom the manager is dealing has knowledge of the fact that the manager has no such authority.
>
> (3) Every officer is an agent of the limited liability company for the purpose of its business and affairs to the extent the agency authority has been delegated to the officer as provided by the operating agreement, and the act of any officer, including,

but not limited to, the execution in the name of the limited liability company of any instrument for apparently carrying on in the ordinary course the business or affairs of the limited liability company of which the person is an officer, binds the limited liability company, unless the officer so acting has, in fact, no authority to act for the limited liability company in the particular matter and the person with whom the officer is dealing has knowledge of the fact that the officer has no such authority.

(4) No act of a manager, member or officer in contravention of a restriction on authority shall bind the limited liability company to persons having knowledge of the restriction.

Miss. Code Ann. § 79-29-307.

This statute allows management of the business and affairs of a limited liability company to be vested in members, managers, or officers according to the operating agreement. Beeler points out that Defendant has not submitted any documentation demonstrating that Defendant has the authority to waive the privilege for either entity. Defendant has not presented an operating agreement, or any other document, demonstrating what, if any, authority he has to waive the attorney-client privilege on behalf of Prime Care and Total Care.

Defendant states that he *was* a member of both Prime Care and Total Care and formerly served as the president of Prime Care, but he has not provided information concerning the present status of these companies or their members, managers, and/or officers.[3] At best, Defendant has shown that at one point in time, he *may* have had the authority to waive the privilege for the two entities.[4] If he had the authority at one point, that may or may not still be

---

[3] Generally, "when control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 349 (1985).

[4] Typically, the Court would require the submission of a privilege log in order to assess a claim of privilege in response to a subpoena. *See* Fed. R. Crim. P. 17; Fed. R. Civ. P. 45(e)(2)(A). However, given the current uncertainty concerning *who* possesses the authority to assert and waive the privilege, it is premature to determine what records may be privileged.

the case; the current record is unclear and does not support a finding that Defendant currently possesses the authority.

IT IS, THEREFORE, ORDERED that the Motion to Quash and/or for a Protective Order [80] is GRANTED without prejudice to Defendant's right to pursue disclosure of the requested information by other means or with supplemental submissions.

SO ORDERED this the 25th day of March, 2020.

                                              s/Michael T. Parker
                                              UNITED STATES MAGISTRATE JUDGE