IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.  CASE NO. 2:19-CR-51-KS-MTP

**WADE ASHLEY WALTERS**

### ORDER

On September 24, 2019, the Government filed an 83-page, 37-count Superseding Indictment [8], in which they charged Defendant with various crimes related to a conspiracy to defraud health care insurance companies, including Tricare, by formulating, marketing, prescribing, and billing for fraudulent compounded medications. The Court described the charges in detail in its Order [44] of December 19, 2019.

On March 17, 2020, Defendant filed a Motion for a Multi-Division Jury Venire [83]. Defendant argues that the extensive media coverage and public knowledge of both this case and the prior prosecutions of his alleged coconspirators render it impossible to select a fair and impartial jury in either the Eastern Division or Southern Division of this Court. Defendant also argues that there are many government employees, contractors, and military personnel in the Southern Division, compromising his ability to receive a fair trial there. Finally, Defendant notes that the only related case to go to trial was that of Albert Diaz, a resident of Gulfport, which is in the Southern Division. Therefore, Defendant requests that the Court hold

his trial in the Eastern Division, but that his jury pool come from the Western and Northern Divisions. In other words, Defendant argues that the Court should exclude all potential jurors from the Eastern and Southern Divisions.

In response, the Government agrees that it would be difficult to seat an impartial jury in the Eastern Division. However, the Government opposes Defendant's request to exclude jurors from the Southern Division. The Government notes that Diaz's prosecution was two years ago, and that media coverage in the Southern Division of this series of prosecutions has largely subsided since Diaz's sentencing. The Government also argues that there is no reason to exclude potential jurors because they are government employees/contractors, or because they receive health insurance through Tricare.

The Constitution and Rule 18 require that a criminal trial be held in the district in which the crime occurred. U.S. CONST. art. 3, § 2, cl. 3; U.S. CONST. amend. VI; FED. R. CRIM. P. 18. But the Constitution does not require that a criminal trial be held in any particular division within a district. *United States v. Lipscomb*, 299 F.3d 303, 339 (5th Cir. 2002). Moreover, "a criminal defendant is only entitled to a jury drawn from the federal district in which the crime was committed, although the jury may be drawn from a division of the district rather than the entire district." *United States v. Mills*, 389 F. Supp. 3d 528, 533 (E.D. Mich. 2019) (citing numerous cases). Rather, the Rules of Criminal Procedure require that "[t]he court must set the place of a trial within the district with due regard for the convenience of the defendant, any

victim, and the witnesses, and the prompt administration of justice." FED. R. CRIM. P. 18.

The Court may also consider other facts, such as pretrial publicity. *Lipscomb*, 299 F.3d at 340, 343-44. "A fair trial in a fair tribunal is a basic requirement of due process." *Jones v. Davis*, 890 F.3d 559, 567 (5th Cir. 2018). Criminal defendants are entitled to a "panel of impartial, indifferent jurors." *Murphy v. Florida*, 421 U.S. 794, 799, 95 S. Ct. 2031, 44 L. Ed. 2d 589 (1975) (punctuation omitted). "[L]egal trials are not like elections, to be won through the use of the meeting-hall, the radio, and the newspaper." *Sheppard v. Maxwell*, 384 U.S. 333, 350, 86 S. Ct. 1507 (1966). Accordingly, the Supreme Court has overturned "conviction[s] obtained in . . . trial atmosphere[s] . . . utterly corrupted by press coverage." *Murphy*, 421 U.S. at 798.

But juror exposure to news accounts of the charges against a defendant is not, by itself, sufficient to deprive a defendant of due process. *Id.* at 799. "Prominence does not necessarily produce prejudice, and jury *impartiality* . . . does not require *ignorance*." *Skilling v. United States*, 561 U.S. 358, 381, 130 S. Ct. 2896, 177 L. Ed. 2d 619 (2010). "[P]retrial publicity – even pervasive, adverse publicity – does not inevitably lead to an unfair trial." *Id.* at 384. Rather, to demonstrate that a change of venue is necessary to prevent a deprivation of due process, a defendant must present evidence "of inflammatory, prejudicial pretrial publicity that so pervades or saturates the community as to render virtually impossible a fair trial by an impartial jury drawn from that community . . . ." *Mayola v. Alabama*, 623 F.2d 992, 997 (5th Cir.

3

1980).

The Court agrees with Defendant and the Government that it would be very difficult, if not impossible, to seat an impartial jury drawn solely from the Eastern Division. Defendant resides in this division. Every prior prosecution of his alleged coconspirators has occurred here, including the only one to go to trial. Hattiesburg is a relatively small community, and these matters have been highly publicized in its print, online, and television media. Many of the events leading to this trial have occurred in Forrest and Lamar Counties, which constitute approximately 37% of the total population of the Eastern Division.[1]

However, there has been substantially less media coverage of these matters in the Southern Division, and substantially fewer of the prior defendants in this series of prosecutions is from the Southern Division. Although the only case to go to trial concerned a resident of the Southern Division and his case received media coverage there, factual reporting of a criminal prosecution is not prejudicial enough to warrant a change of venue – particularly when it didn't even involve this particular Defendant. *See Murphy*, 421 U.S. at 802; *Meeks v. Moore*, 216 F.3d 951, 964 (11th Cir. 2000); *Devier v. Zant*, 3 F.3d 1445, 1461-62 (11th Cir. 1993); *Mayola*, 623 F.3d at 997.

As for Defendant's argument that the Southern Division's jury pool contains many government employees and individuals insured through Tricare, the Court rejects Defendant's implicit argument that anyone employed by the United States

---

[1] The Court may take judicial notice of United States census data. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

government or insured through Tricare is necessarily compromised. Moreover, the Court notes that Defendant has not provided anything to support this aspect of his argument, beyond mere supposition.

There are numerous methods the Court can and will use to ensure that an impartial jury is empaneled. *Skilling*, 561 U.S. at 386 (trial judge's discretion over jury selection). The Court will conduct *voir dire* as it typically does. First, the Court will examine the *venire*, both collectively and, if necessary and appropriate, individually. If the parties have any questions they want the Court to ask, they are free to request it. Where necessary, the Court will examine individuals at sidebar, to prevent tainting the entire *venire*. Then the parties' counsel will be permitted to examine the *venire*. The undersigned judge generally gives attorneys substantial room to conduct their own *voir dire*, as long as they stay focused on gathering relevant information, rather than arguing their case. Additionally, on the first morning of the trial, the parties will receive basic information regarding every potential juror, including name, sex, occupation, race, and county of residence.

Given the expected length of this trial, the Court also intends to summon a larger *venire* than it typically would, increasing the pool of potential jurors. Likewise, the Court intends to seat more alternates than it typically would, and more alternates means that Defendant will get more peremptory strikes. Although the Court can use a district-wide jury pool, *see* 28 U.S.C. § 1861, it would include the Eastern Division. Moreover, the Court is cognizant of the difficulties presented for jurors in potentially

5

traveling from one end of the District to the other to serve in a trial that is expected to last four to six weeks – particularly after they have already been subjected to a statewide shelter-in-place order, social distancing measures, and other disruption of their lives this spring. There's no reason to risk a mistrial because jurors drop out along the way when the Court can provide an impartial jury drawn from a single division.

The Court also notes that the United States Courthouse in Gulfport, Mississippi, provides substantially better accommodations for a trial of this length and scope. The Court anticipates that the parties will have a significant number of staff and witnesses. Moreover, the facilities in Gulfport include a jury assembly room, and the size and layout of the building prevents unintended juror contact with parties or witnesses.

In summary, the Court agrees that Defendant's trial should not be held in the Eastern Division, but Defendant has not demonstrated that he cannot receive a fair trial in the Southern Division. Defendant offered no evidence in support of his motion, and he did not request an evidentiary hearing. Rather, he relied on his arguments in briefing and in the numerous telephone conferences that this Court has held on the record over the past several months. The remedial measures outlined above – e.g., thorough *voir dire*, summoning a larger *venire* – are sufficient to ensure that Defendant gets a fair jury.

For these reasons, the Court **grants in part and denies in part** Defendant's

Motion for Multi-Division Jury Venire [83]. To the extent Defendant objects to a jury pulled from the Eastern Division, the Court grants the motion, but the Court denies it in all other respects. The trial of this matter will be held in the Southern Division, at the United States Courthouse in Gulfport, Mississippi, and the *venire* will be pulled from the Southern Division.

    SO ORDERED AND ADJUDGED this 15th day of April, 2020.

                                     /s/   Keith Starrett  
                                     KEITH STARRETT  
                                     UNITED STATES DISTRICT JUDGE