## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                          **CRIMINAL NO. 2:19-cr-51-KS-MTP**

**WADE ASHLEY WALTERS**

## ORDER

THIS MATTER is before the Court on Defendant's Motion to Reconsider [87]. On February 13, 2020, Defendant served a subpoena *duces tecum* upon Jonell Beeler, an attorney with the law firm of Baker Donelson. The subpoena directs Beeler to produce to Defendant the following:

> Any and all records, files, memos, notes, emails, subscriptions agreements, operating agreements, to include drafts, whether in printed or digital format, related to legal work for Hope Thomley and/or Wade Walters; Prime Care Marketing, LLC and/or Total Care Marketing.

*See* [54-1].

On March 5, 2020, Beeler filed a Motion to Quash and/or for a Protective Order [80]. Beeler asserted that the requested information concerning Prime Care Marketing, LLC ("Prime Care") and Total Care Marketing, LLC ("Total Care") is protected by the attorney-client privilege. According to Beeler, Prime Care and Total Care retained her firm to perform legal work from November of 2012 to October of 2013.[1] In his Response [81], Defendant argued that Beeler had no standing to assert the privilege because it belongs to the clients and he has authority to waive the privilege for the companies. On March 25, 2020, the Court entered an Order [85] granting the Motion to Quash [80]. The Court determined that Beeler had standing to

---

[1] According to Beeler, neither she nor any member of her firm represented Defendant or Hope Thomley.

1

assert the privilege and Defendant failed to demonstrate that he had the authority to waive the privilege for the two companies. *See* Order [85].

On March 31, 2020, Defendant filed the instant Motion [87] requesting that the Court reconsider it prior Order [85]. In the Motion [87], Defendant argues, *inter alia*, that Prime Care and Total Care are defunct companies and, therefore, the attorney-client privilege is no longer viable.

"A district court is invested with broad power to revisit pretrial issues upon which it has already ruled." *United States v. Richardson*, 2011 WL 825759, at *2 (N.D. Tex. Mar. 1, 2011) (citing *United States v. Palmer*, 122 F.3d 215, 221 (5th Cir. 1997); *United States v. Acosta*, 669 F.2d 292, 293 (5th Cir. 1982)). As explained in Order [85], a court may quash or modify a subpoena if compliance would be unreasonable or oppressive. *See* Fed. R. Crim. P. 17(c)(2). In federal criminal cases, the federal law of privileges applies. *See* Fed. R. Evid. 501.

According to Defendant, Prime Care and Total Care are defunct and no longer conduct any business. Defendant points out that on April 4, 2015, he filed articles of dissolution with Mississippi's Secretary of State on behalf of Prime Care. *See* [87-7]. Defendant also points out that on November 22, 2019, Total Care was administratively dissolved. *See* [87-3]. Defendant argues that because these entities are defunct, Beeler may not assert the attorney-client privilege. In her Response [90], Beeler states that the issue of whether the attorney-client privilege exists after the dissolution of a company is "a legal issue that Beeler cannot ethically decide on her own." Nevertheless, Beeler points out that, in *Swidler & Berlin v. United States*, the Supreme Court held that the death of a client does not extinguish the privilege. 524 US 399 (1998).

Courts, however, have held that "[a] dissolved corporation does not have the same concerns as a deceased natural person and therefore has less need for the privilege after

dissolution is complete." *City of Rialto v. U.S. Dept. of Defense*, 492 F. Supp. 2d 1193, 1197 (C.D. Cal. 2007); *see also S.E.C. v. Carrillo Huettel LLP*, 2015 WL 1610282, at *2 (S.D.N.Y. Apr. 8, 2015) ("the interest that are furthered by the extension of the privilege beyond the death of a natural person simply do not apply in the context of a corporate entity."). One court explained:

> No real purpose would be served by continuing the privilege after operations cease, as the corporation would no longer have any goodwill or reputation to maintain. The possibility that a corporation's management will hesitate to confide in legal counsel out of concern that such communication may become unprivileged after the corporation's demise is too remote and hypothetical to outweigh the countervailing policy considerations supporting discoverability. Accordingly, counsel has no duty to assert the privilege on behalf of a non-functioning corporation.

*Gilliland v. Geramita*, 2006 WL 2642525, at *4 (W.D. Pa. Sept. 14, 2006).

The weight of federal authority supports a holding that there is a presumption the attorney-client privilege is no longer viable after a business entity ceases to function. *See*, e.g., *Official Comm. of Admin. Claimants, ex rel. LTV Steel Co., Inc. v. Moran*, 802 F. Supp. 2d 947, 949 (N.D. Ill. 2011); *Express Homebuyers USA, LLC v. WBH Marketing, Inc.*, 2018 WL 4922467, at *2-3 (S.D. Fla. Feb. 9, 2018); *Abdo v. Fitzsimmons*, 2019 WL 4836949, at *1-2 (N.D. Cal. Oct. 1, 2019). "Absent some compelling reason to the contrary, the attorney-client privilege does not survive the death of the corporation." *TAS Distrib. Co. v. Cummins, Inc.*, 2009 WL 3255297, at *2 (C.D. Ill. Oct. 7, 2009). The party seeking to establish the privilege must demonstrate "authority and good cause." *See Gilliland*, 2006 WL 2642525, at *4.

In her Response [90], Beeler points out that Total Care was administratively dissolved, not formally dissolved. Beeler argues that Total Care is not prevented from conducting business as a result of the administrative dissolution. However, "[t]o determine whether a corporation has 'died,' courts should look to practical business realities rather than technical legal status." *LTV*

*Steel Co.*, 802 F. Supp. 2d at 949.  According to Defendant, neither Prime Care nor Total Care conducts any business.  Beeler does not contradict this assertion.  The Court finds that these entities have ceased to function for purposes of determining whether the attorney-client privilege is viable. *See In re Fundamental Long Term Care, Inc.*, 2012 WL 4815321, at *8-10 (Bankr. M.D. Fla. Oct. 9, 2012) (finding there was no privilege for an administratively dissolved company to assert); *LTV Steel Co.*, 802 F. Supp. 2d at 949 ("A completely defunct company should not be allowed to assert privilege, regardless of whether it has technically maintained its legal status"); *Express Homebuyers*, 2018 WL 4922467, at *3; *United States v. Cox*, 2015 WL 13741738, at *4 (M.D. Fla. Oct. 7, 2015).  The Court has not been presented authority or good cause to hold that the attorney-client privilege is viable even after these entities have ceased to function.[2]

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion to Reconsider [87] is GRANTED.

2. The Court's Order [85] is set aside.

3. The Motion to Quash and/or for a Protective Order [80] is DENIED.

4. On or before May 6, 2020, Jonell Beeler shall produce the information sought in Defendant's subpoena *duces tecum* [54-1].

SO ORDERED this the 21st day of April, 2020.

                                            s/Michael T. Parker
                                            UNITED STATES MAGISTRATE JUDGE

---

[2] "There is no one who can speak for a defunct corporation in order to assert the privilege." *Carrillo Huettel LLP*, 2015 WL 1610282, at *3.  Nevertheless, the Court notes that the registered agents for Prime Care and Total Care are Defendant and Hope Thomley, respectively. *See* https://corp.sos.ms.gov/corp/portal/c/page/corpBusinessIdSearch/portal.aspx?# (last visited April 21, 2020).  These individuals received notice of the subject subpoena, but neither entity attempted to raise an objection to the subpoena.