**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **CASE NO. 2:19-CR-51-KS-MTP**

**WADE ASHLEY WALTERS**

<u>**ORDER**</u>

Defendant filed a Motion to Sever [122]. He argues that the Court should sever Counts 20-25 because they are dissimilar to the remaining charges. He also contends that joining Counts 20-25 with the remaining charges of money laundering, fraud, and conspiracy is unduly prejudicial because it will "[make] him appear to be a drug abuser with a personal weakness."

In response, the Government argues that although the Superseding Indictment includes four distinct categories of charges, the charges are properly joined because they are "of a similar character, . . . logically related, occur during the same time frame, involve the same participants and locations, and are united by a common scheme or plan." The Government also contends that joinder of the drug charges is not prejudicial because they would be admissible at trial of the other offenses, and that considerations of judicial economy favor a single trial.

Counts 20 and 21 charge Defendant with distributing and dispensing, outside the scope of professional practice and not for a legitimate medical purpose, quantities of a Schedule III controlled substance, ketamine, in violation of 28 U.S.C. § 841(a)(1)

and 18 U.S.C. § 2. Count 22 charges Defendant with conspiring to distribute and dispense, outside the scope of professional practice and not for a legitimate medical purpose, quantities of tramadol, a Schedule IV controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Counts 23, 24, and 25 charge Defendant with distributing quantities of tramadol, a Schedule IV controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The remaining counts can be divided into three groups: fraud charges, money laundering charges, and kickback/bribery charges.[1]

## A.    *Rule 8(a)*

First, Defendant argues that Counts 20-25 were improperly joined to the remaining counts. "The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). "Joinder of charges is the rule rather than the exception, and Rule 8 is construed liberally in favor of initial joinder." *United States v. Huntsberry*, 956 F.3d 270, 287 (5th Cir. 2020). "[T]he transaction requirement in Rule 8 is flexible, . . . comprehend[ing] a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *United States v. Butler*, 429 F.3d 140, 146-47 (5th Cir. 2005). "[W]hen the facts underlying each offense are so closely connected that proof of such

---

[1] The Court provided an extensive summary of the charges in its Order [44] of December 19, 2019.

facts is necessary to establish each offense, joinder of . . . offenses is proper." *United States v. Gentile*, 495 F.2d 626, 630 (5th Cir. 1974). "The propriety of joinder under Rule 8 is determined on the basis of allegations in the indictment, which are accepted as true barring allegations of prosecutorial misconduct." *United States v. Faulkner*, 17 F.3d 745, 758 (5th Cir. 1994).

Here, the Court concludes that the drug distribution charges are properly joined with the fraud, money laundering, and kickback/bribery charges because they are based on the same series of acts or transactions, and they are connected to the same scheme or plan. There are overlapping participants among the fraud, kickback/bribery, and drug charges, including Defendant, Nichols, and Parker, among others, and the evidence supporting the charges is likely to overlap. Counts 20 and 21 are specific occurrences of the object of the conspiracy alleged in Count 19. Additionally, the prescriptions at issue in Counts 20 and 21 were filled by Advantage Pharmacy, which Defendant co-owns and allegedly used in the fraud charges. In fact, the drugs distributed in Counts 20 and 21 are the same compounded medications at the heart of the fraud charges.

Similarly, Counts 22, 23, 24, and 25 are specific examples of the fraudulent distribution of an unnecessary compounded medication. The Government specifically alleged that the prescriptions underlying the fraud charges were written for individuals who were never examined, and where there was no legitimate medical purpose or necessity. Likewise, the Government alleged that Defendant conspired

with Parker to receive a prescription for a controlled substance, half of which he then distributed back to Parker, all without any examination or legitimate medical purpose or necessity. The transaction between Defendant and Parker is also relevant to the kickback/bribery charges, in that they represent another illegal form of payment. Finally, all the drug charges illustrate that Defendant knew fraudulent prescriptions were being written, filled, and reimbursed.

Defendant relies solely on Fifth Circuit case law addressing the joinder of felon-in-possession-of-a-firearm charges to other crimes. *See, e.g. United States v. Holloway*, 1 F.3d 307 (5th Cir. 1993). But those are special cases. The Fifth Circuit has advised that "felon-in-possession-of-a-firearm charges present special prejudice concerns that are not reflected in the usual presumption in favor of joinder because, absent severance, the jury will hear evidence of a defendant's prior felonies that would otherwise be inadmissible." *Huntsberry*, 956 F.3d at 270. Joining health care fraud and drug distribution charges presents no such special concerns, and numerous courts have allowed it.[2] Therefore, the Court finds that Counts 20-25 are properly joined to the other charges.

## B.   *Rule 14(a)*

---

[2] *See, e.g. United States v. Kaplan*, 895 F.2d 618, 621 (9th Cir. 1990) (health care fraud charges were properly joined with drug distribution charges); *United States v. Dileo*, 859 F. Supp. 940, 942 (W.D. Penn. 1994) (mail fraud and drug distribution charges, while not of the same or similar character, were transactionally related or part of a common scheme or plan); *United States v. Gosy*, 2019 WL 948178, at *2 (W.D.N.Y. Feb. 27, 2019) (health care fraud charges against doctor were properly joined with drug distribution charges); *United States v. Herpin*, 2005 WL 8158582, at *2 (S.D. Tex. Mar. 7, 2005) (joinder of health care fraud charges with controlled substance charges did not violate Rule 8).

Next, Defendant argues that he will be prejudiced by trying Counts 20-25 with the remainder of the charges. "A district court may sever charges properly joined under Rule 8 if the defendant may be prejudiced by joinder." *Huntsberry*, 956 F.3d at 287 (citing FED. R. CRIM. P. 14(a)). "Severance is required only in cases of compelling prejudice." *United States v. Rice*, 607 F.3d 133, 142 (5th Cir. 2010). The defendant "must demonstrate a specific and compelling prejudice . . . of a type against which the trial court [is] unable to afford protection." *United States v. Davis*, 124 F. App'x 838, 845 (5th Cir. 2005).

Rule 14(a) imposes a "heavy burden" on a defendant seeking a severance. *United States v. Salomon*, 609 F.2d 1172, 1175 (5th Cir. 1980). It's not enough that a severance would increase the chance of acquittal, *United States v. Moser*, 123 F.3d 813, 828 (5th Cir. 1997), or that the jury might consider admissible evidence of one charged crime as corroborative of the others. *See United States v. Park*, 531 F.2d 754, 762 (5th Cir. 1976). Rather, Rule 14(a) requires proof that the joinder "would compromise a specific trial right" of the defendant, "or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Rodriguez*, 553 F.3d 380, 394 (5th Cir. 2008). Moreover, the rule "does not require severance even if prejudice is shown . . . ." *Zafiro v. United States*, 506 U.S. 534, 538-39, 113 S. Ct. 933, 122 L. ed. 2d 317 (1993). Instead, "it leaves the tailoring of relief to be granted, if any, to the district court's sound discretion." *Id.* at 539. The Court "must weigh the likelihood of prejudice against the interest of judicial economy." *United States v. Scott*,

5

659 F.2d 585, 589 (5th Cir. 1981). But "[t]he mere act of joining counts in an indictment, or having multiple counts in an indictment results in some prejudice" that "is anticipated by Rule 8." *Id.*

Defendant argues that the Government is trying to portray him as a drug abuser and bring in evidence of other crimes that would not otherwise be admissible under Rule 404. His bare assertions, however, are not enough to prove that inclusion of the drug charges will compromise his right to a fair trial or "prevent the jury from making a reliable judgment about guilt or innocence." *Rodriguez*, 553 F.3d at 394. As noted above, Defendant "must demonstrate a specific and compelling prejudice . . . of a type against which the trial court [is] unable to afford protection." *Davis*, 124 F. App'x at 845. He has not carried this burden.

Regardless, there would be significant evidentiary overlap if the drug charges were tried separately because they are specific examples of the criminal behavior underlying the other counts, as discussed above. Moreover, evidence of the drug distribution activity is relevant to demonstrate Defendant's knowledge and intent with respect to the other charges. Accordingly, their joinder creates no substantial prejudice. *Scott*, 659 F.2d at 589; *United States v. Ramey*, 2008 WL 4582089, at *6 (5th Cir. Oct. 15, 2008). And the Court can cure any prejudice with a jury instruction. *Rice*, 607 F.3d at 142; *United States v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995).

For these reasons, the Court **denies** Defendant's Motion to Sever Counts [122].

SO ORDERED AND ADJUDGED this 9th day of June, 2020.

6

/s/    Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE