IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.  **CRIMINAL NO. 2:19-cr-51-KS-MTP**

**WADE ASHLEY WALTERS**

### ORDER

THIS MATTER is before the Court on Defendant's Motion for Issuance of Rule 17(c) Subpoena Duces Tecum [191]. In the Motion, Defendant seeks leave to serve a subpoena *duces tecum* upon Transdermal Therapeutics, Inc. The Motion, however, is untimely. Pursuant to the Amended Trial Order [77], the deadline for filing non-dispositive motions ran on May 15, 2020. "Any motion filed beyond the motion deadline imposed by the magistrate judge in a scheduling order may be denied because the motion is filed untimely." L.U. Crim. R. 47(H). Defendant has not shown good cause for his delay in filing this non-dispositive motion.

Moreover, Defendant has failed to demonstrate that he is entitled to the requested information via a Rule 17(c) subpoena *duces tecum*. The subpoena at issue seeks the following:

> Records of payments by Express Scripts and/or Tricare of prescriptions for compounded pain medications from September 1, 2012 through June 1, 2020.
>
> Records of prescriptions written by Veteran's Affairs' physicians for compounded pain medications from September 1, 2012 through June 1, 2020.
>
> Records of audits by Express Scripts related to prescriptions for compounded pain medications from September 1, 2012 through June 1, 2020.
>
> EOBs by Express Scripts and/or Tricare for prescriptions for compounded pain medications from September 1, 2012 through June 1, 2020.
>
> Denials of claims by Express Scripts for prescriptions for compounded pain medications from September 1, 2012 through June 1, 2020.

"Although rule 17 extends to material not subject to rule 16 discovery, it is not intended to provide an additional means of discovery." *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992). To gain access to materials under Rule 17, Defendant must show "(1) the subpoenaed document is relevant, (2) it is admissible, and (3) it has been requested with adequate specificity." *Id.*

Defendant states that the requested documents are evidentiary, material, and relevant. Despite Defendant's conclusory assertions, the subpoena does not contain specific requests, and Defendant has not demonstrated that the requested information is relevant or admissible. Without information concerning the content of nearly eight years' worth of records and the relevance of such information, it appears that Defendant's sweeping request is an attempt to use a Rule 17 subpoena as a "discovery device, which it is not." *United States v. Nixon*, 777 F.2d 958, 969 (5th Cir. 1985).

IT IS, THEREFORE, ORDERED that Defendant's Motion for Issuance of Rule 17(c) Subpoena Duces Tecum [191] is DENIED. This Order pertains only to Defendant's request for this specific subpoena seeking production of records prior to a trial or hearing. It does not foreclose or prevent the service of trial subpoenas.

SO ORDERED this the 12th day of June, 2020.

                                                  s/Michael T. Parker
                                                  UNITED STATES MAGISTRATE JUDGE