IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                          **CASE NO. 2:19-CR-51-KS-MTP**

**WADE ASHLEY WALTERS**

### MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **denies** Defendant's Motion to Dismiss [123].

### A.   *Standard of Review*

"[A] motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004). In reviewing such motions, "the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Thomas*, 724 F.3d 632, 640 (5th Cir. 2013). "An indictment is legally sufficient if (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Blevins*, 755 F.3d 312, 319 (5th Cir. 2014).

### B.   *Statute of Limitations*

First, Defendant argues that the Court should dismiss all allegations related to Pharmacy 1 because they fall outside the applicable statute of limitations.

Defendant contends that the Government's allegation that he "discontinued Prime Care Marketing's relationship with Pharmacy 1"[1] in May 2013 means that any conspiracy involving Pharmacy 1 ended at that time, and any further criminal activity constituted new, distinct conspiracies. In his initial brief, Defendant did not specify the counts from the Superseding Indictment to which this argument applies, but in reply, he asserted that Count 10 should be dismissed.

In the Superseding Indictment, the Government alleges that Defendant and his coconspirators engaged in a scheme and artifice to defraud the United States through TRICARE and other health care benefit programs by means of various underlying conspiracies. In Count 10, the Government alleges that, beginning in August 2012 and continuing through January 2016, Defendant conspired to commit fraud in violation of 18 U.S.C. § 1349. The Government alleges that the purpose of the conspiracy was for Defendant and his coconspirators to enrich themselves, and that they committed specific acts of mail fraud, wire fraud, and health care fraud in furtherance of the conspiracy.

For a conspiracy charge to be timely, the Government must prove "the existence of the conspiracy within five years prior to the return of the indictment, and . . . the commission of at least one overt act by one of the conspirators within that period in furtherance of the conspiratorial agreement." *United States v. Ongaga*, 820 F.3d 152, 157 (5th Cir. 2016). "Generally, the statute of limitations begins to run

---

[1] Superseding Indictment at 25, *United States v. Walters*, No. 2:19-CR-51-KS-MTP (S.D. Miss. Sept. 24, 2019), ECF No. 7.

2

when the crime is complete, meaning that all the elements of the crime have been satisfied." *Id.* at 159-60. "However, the doctrine of continuing offenses presents a qualification to the general operation of this principle." *United States v. Tavarez-Levario*, 788 F.3d 433, 436 (5th Cir. 2015). A continuing offense "perdures beyond the initial illegal act, and . . . each day brings a renewed threat of the evil Congress sought to prevent even after the elements necessary to establish the crime have occurred." *Id.* at 436-37. Therefore, "[f]or a continuing offense, . . . the statute of limitations does not begin to run when all elements of the crime are first satisfied, but rather when the ongoing commission of the crime comes to an end." *Ongaga*, 820 F.3d at 160.

Conspiracies are continuing offenses. *Tavarez-Levario*, 788 F.3d at 440; *see also United States v. Olis*, 429 F.3d 540, 545 (5th Cir. 2005); *United States v. Buckhalter*, 986 F.2d 875, 880 (5th Cir. 1993). Therefore, the statute of limitations for the conspiracy charged in Count 10 of the Superseding Indictment did not begin to run until the "ongoing commission of the crime [came] to an end." *Ongaga*, 820 F.3d at 160.

In Count 10, the Government alleged that the conspiracy continued "through in or around January 2016 . . . ." Superseding Indictment [7], at 42. In Counts 11-15, the Government alleged facts related to specific commissions of wire fraud in 2014 and 2015 in furtherance of the conspiracy charged in Count 10. *Id.* at 44-45. In Counts 16-18, the Government alleged facts related to specific commissions of mail fraud in October 2014 in furtherance of the conspiracy charged in Count 10. *Id.* at 46-47.

3

Therefore, the Government alleged specific facts in support of its assertion that the Count 10 conspiracy was ongoing beyond May 2013, the date on which Defendant claims to have withdrawn from the conspiracy. Moreover, the Government alleged specific acts occurring within five years of the return of the indictment. The Government's allegation that Defendant "discontinued Prime Care Marketing's relationship with Pharmacy 1" does not constitute an allegation that Defendant withdrew from the conspiracy charged in Count 10. *Id.* at 25. Rather, the Government alleges that Defendant and his coconspirators shifted their activities to another entity. *Id.* Accepting the allegations of the Superseding Indictment as true, *Thomas*, 724 F.3d at 640, the Court concludes that Count 10 is not barred by the applicable statute of limitations.

## C. *Abandoned Charges*

Next, Defendant argues that the Government abandoned all allegations related to Pharmacy 1. In support of this argument, Defendant cites a letter his counsel received from the Department of Justice, and representations the Government made during a teleconference on May 7, 2020.

Defendant misrepresented both the letter from DOJ and the Government's statements during the May 7, 2020, teleconference. In the letter, the Government did not state that it was abandoning all charges related to Pharmacy 1. Rather, it stated that it did not intend to rely on certain hard copies of documents in its case-in-chief. *See* Exhibit 1 to Motion to Dismiss, *United States v. Walters*, No. 2:19-CR-51-KS-MTP

4

(S.D. Miss. May 15, 2020), ECF No. 123-1. Likewise, during the May 7, 2020 teleconference, the Government did not state that it was abandoning all charges related to Pharmacy 1. Rather, it represented that it did not intend to rely on certain documents produced during discovery. Therefore, the Court concludes that the Government has not abandoned any charges or factual allegations.

### D.  Nexus/Number of Conspiracies

Finally, Defendant argues that the Government improperly charged multiple conspiracies as one overarching conspiracy without any nexus between them. His briefing is less than clear, and he did not address the allegations of any specific count. Defendant may argue that Count 10 is improper because it purportedly charges multiple conspiracies as a single conspiracy.

It appears that this argument is premised upon a misreading of the Superseding Indictment. The Government alleged the existence of a single, overarching scheme to enrich Defendant and his coconspirators, and it charged Defendant with five separate conspiracies that were part of that scheme. Defendant has not cited any law providing that this was improper or grounds for dismissal of the entire Superseding Indictment. Indeed, "a single scheme can be executed a number of times, and a defendant may be charged in separate counts for each 'execution' of the scheme to defraud." *United States v. De La Mata*, 266 F.3d 1275, 1287 (11th Cir. 2001); *see also United States v. Marroquin*, 149 F.3d 1178, 1998 WL 414213, at *1 (5th Cir. 1998) (district court did not err in sentencing multiple counts

of mail fraud and conspiracy as part of one overarching scheme to defraud); *cf. United States v. Krenning*, 93 F.3d 1257, 1266-67 (5th Cir. 1996) (no prejudicial joinder in alleging a single scheme with multiple purposes and charging multiple conspiracies as part of the scheme).

In this respect, *Kotteakos v. United States*, 328 U.S. 750, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946), is inapplicable. That case "holds that it is unfair to indict and try as one conspiracy as many as eight separate and distinct conspiracies where the defendants on trial are not connected in any way among themselves . . . ." *Sanders v. United States*, 415 F.2d 621, 625 (5th Cir. 1969). Here, the Government did not charge a single conspiracy. Rather, it alleged the existence of a single scheme that included multiple conspiracies. Moreover, it alleged sufficient facts to show a connection between the various counts, as the Court addressed in its motion denying Defendant's motion to sever.

To the extent that Defendant intended to argue that Count 10 is improper because it charges multiple conspiracies as a single conspiracy, his argument is likewise unavailing. "An indictment is duplicitous if it joins in a single count two or more distinct offenses." *United States v. Sharpe*, 193 F.3d 852, 865 (5th Cir. 1999). Count 10 does not charge multiple conspiracies. Rather, it charges one conspiracy to commit fraud in violation of 18 U.S.C. § 1349. "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime, and that is one, however diverse its objects." *United States v. Barrera*, 444 F. App'x

16, 24 (5th Cir. 2011). In other words, "a single conspiratorial agreement may have as its object the commission of separate crimes on different occasions." *Id.*

Regardless, "[w]hether the evidence shows a single conspiracy or multiple conspiracies is a fact question for the jury to decide." *Ongaga*, 820 F.3d at 158; *see also Sanders*, 415 F.2d at 625. If a count "facially alleges a single conspiracy," that is enough to warrant denial of a motion to dismiss on the basis of duplicity. *United States v. Rajaratnam*, 736 F. Supp. 2d 683, 689 (S.D.N.Y. 2010). Moreover, "if a jury could find some set of facts that demonstrate a single conspiracy as charged . . . , dismissal on duplicity grounds is unjustified." *Id.*

For all these reasons, the Court **denies** Defendant's Motion to Dismiss [123].

SO ORDERED AND ADJUDGED this 23rd day of June, 2020.

          /s/    Keith Starrett
        KEITH STARRETT
        UNITED STATES DISTRICT JUDGE